UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
LA'SHAUN CLARK,

                Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY;
NEW YORK INSULATION &
ENVIRONMENTAL SERVICES, INC.;
JLC ENVIRONMENTAL CONSULTANTS, INC.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _2/28/2025_

24 Civ. 1625 (AT) (RFT)

**ORDER ADOPTING
REPORT & RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, La'Shaun Clark, brings this action against Defendants, the New York City Housing Authority ("NYCHA"), New York Insulation & Environmental Services, Inc. ("NYIES"), and JLC Environmental Consultants, Inc. ("JLC"), alleging negligent and intentional infliction of emotional distress and requesting compensation for medical monitoring costs arising from Clark's fear of developing cancer in connection with her alleged exposure to the toxic substance crystalline silica in her former NYCHA apartment. Compl. ¶¶ 1, 3, ECF No. 1 at 8–9. Defendants move to dismiss, and Clark moves for partial summary judgment against all Defendants. ECF Nos. 31, 33, 37, 42. On January 31, 2025, the Honorable Robyn F. Tarnofsky issued a report (the "R&R") recommending that the Court dismiss Clark's claims without leave to replead. *See generally* R&R, ECF No. 69. For the reasons stated below, the Court adopts the R&R and dismisses Clark's claims with prejudice.

**BACKGROUND**[1]

From 2004 to 2012, Clark lived in a Bronx apartment owned and managed by NYCHA. Compl. ¶ 1.  Shortly before she moved in, NYCHA contracted with NYIES to cover the apartment's floor tiles with Ardex K15, a substance used for asbestos abatement.  *Id.* ¶¶ 6, 9. Ardex K15 is known to contain crystalline silica, a carcinogen.  *Id.* ¶¶ 6, 8; *see also* ECF No. 1-1.  NYCHA hired JLC to monitor the project and to conduct air-quality analysis.  Compl. ¶¶ 14–15.  In 2009, the floor tiles in Clark's apartment started to break, exposing her to crystalline silica.  *Id.* ¶ 7.  In 2011, Clark sued NYCHA in housing court over the broken tiles. *Id.* ¶ 11.  In response, NYCHA ground up and removed some—but not all—of the broken tiles, exposing Clark to a cloud of dust in the process.  *Id.* ¶ 13.

Between 2012 and 2019, Clark was diagnosed with lupus, chronic obstructive pulmonary disease ("COPD"), asbestos-related lung scarring, and gastroesophageal reflux disease ("GERD").  *See id.* ¶ 3; *see also* 2020 Compl. at 5–6, ECF No. 34-7; 2021 Compl. at 2, ECF No. 34-8.  In January 2020, Clark brought suit in this District against NYCHA, NYIES, and JLC for negligently exposing her to asbestos, *see generally* 2020 Compl., and in February 2021, she amended her complaint to add a claim against NYCHA for fraudulent concealment of crystalline silica, 2021 Compl. at 1.  This new claim was based on Defendants' use of Ardex K15 in Clark's NYCHA apartment, which she was only made aware of through discovery.  2021 Compl. at 1. In September 2022, the Honorable Gabriel W. Gorenstein issued a report recommending that Clark's claims be dismissed because, *inter alia*, she had failed to retain an expert witness to

---

[1] The Court assumes familiarity with the underlying history of this action and sets forth only those facts relevant to this order.  On a motion to dismiss for failure to state a claim, the Court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)).

opine on whether she was exposed to hazardous levels of asbestos and crystalline silica, as is required for personal injury claims brought under New York law. *Clark v. NYCHA* (*Clark I*), No. 20 Civ. 251, 2022 WL 4229386, at *3–5 (S.D.N.Y. Sept. 14, 2022). The Honorable Paul A. Engelmayer adopted the report in its entirety, *Clark v. NYCHA* (*Clark II*), No. 20 Civ. 251, 2022 WL 17974899 (S.D.N.Y. Dec. 28, 2022), and the Second Circuit affirmed, *Clark v. NYCHA* (*Clark III*), No. 22-3233, 2023 WL 8071800 (2d Cir. Nov. 21, 2023) (summary order).

In May 2023, Clark was diagnosed with silicosis, a lung disease caused by the inhalation of crystalline silica. Compl. ¶ 1. She filed this action the following March, bringing claims of negligent infliction of emotional distress and medical monitoring against all Defendants and intentional infliction of emotional distress against NYCHA only, all resulting from Defendants' use of Ardex K15 and Clark's exposure to crystalline silica. *Id.* Defendants moved to dismiss, and Clark moved for partial summary judgment. ECF Nos. 31, 33, 37, 42. The Court referred the motions to Judge Tarnofsky, ECF Nos. 41, 64, who recommended that the Court dismiss Clark's claims, *see generally* R&R. Before the Court are the R&R, Clark's objections, and NYCHA's and JLC's opposition briefs. R&R; Obj., ECF No. 70; ECF Nos. 71–72.

## DISCUSSION

I. <u>The R&R</u>

Judge Tarnofsky began her well-reasoned R&R by clarifying the causes of action underlying Clark's complaint. Claims for negligent and intentional infliction of emotional distress ("NIED" and "IIED," respectively), are well established under New York law.[2] With

---

[2] As the R&R explains, the Court must analyze Clark's claims under New York law because New York has "the most significant interest in, or relationship to, the dispute." *Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F. Supp. 3d 392, 398 (S.D.N.Y. 2018) (quoting *White Plains Coat & Apron Co. v. Cintas Corp.*, 460 F.3d 281, 284 (2d Cir. 2006)); *see id.* (explaining that in New York, "the law of the jurisdiction where the tort occurred will generally apply" (quotation omitted)); R&R at 13 n.6.

3

respect to Clark's claim for medical monitoring, the R&R explains that, although "[t]here is no independent claim for medical monitoring under New York law[,] . . . a plaintiff who has sustained a physical injury may obtain the remedy of medical monitoring as consequential damages . . . '[for] an already existing tort cause of action.'"  R&R at 13 (quoting *Caronia v. Philip Morris USA, Inc.*, 5 N.E.3d 11, 18–19 (N.Y. 2013)); *see Benoit v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 491, 501 (2d Cir. 2020) (explaining that, to obtain such consequential damages, a plaintiff must demonstrate some physical injury, either by showing a "clinically demonstrable presence of toxins" in the plaintiff's body "or some physical manifestation of toxin contamination" that was caused by the defendants in violation of a duty they owed the plaintiff (cleaned up) (quoting *Abusio v. Consol. Edison Co. of N.Y.*, 656 N.Y.S.2d 371, 372 (App. Div. 1997))).  And to state an emotional distress claim based on a fear of developing cancer following exposure to a toxic substance, "a plaintiff must allege both exposure 'to the disease-causing agent and that there is a rational basis for [her] fear of contracting the disease,' meaning that there is a 'clinically demonstrable presence' of the carcinogen in the plaintiff's body, or some indication of a disease caused by the carcinogen."  R&R at 13 (quoting *Prato v. Vigliotta*, 253 A.D.2d 746, 748 (N.Y. App. Div. 1998)).

According to Judge Tarnofsky, however, the Court need not reach the merits of Clark's claims against NYCHA because, before bringing a tort suit against NYCHA, a "public corporation," a plaintiff must serve a notice of claim against NYCHA within 90 days of when the claim arises, and Clark never served such a notice.  *Id.* at 15–18 (citing N.Y. Pub. Hous. Law § 157(2); N.Y. Gen. Mun. Law § 50-E(1)(a)).  Moreover, as explained in the R&R, all of Clark's claims are barred by collateral estoppel, or issue preclusion, resulting from Clark's 2020 lawsuit.

4

*Id.* at 25–36.  Judge Tarnofsky, accordingly, recommended that the Court dismiss Clark's complaint without leave to amend.

II.     Clark's Objections

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the Court reviews *de novo* the portions of the R&R to which objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3).  But when a party does not object or when it "makes only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the R&R strictly for clear error.  *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014).  A finding is clearly erroneous if the Court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

Clark objects to several aspects of the R&R, but the Court will address only her collateral estoppel–related objections, as that issue is determinative of the entire action.  Clark essentially argues that collateral estoppel does not apply because the relevant issues in dispute here were neither necessary nor material to her earlier lawsuit.  *See* Obj. at 10–16.  Specifically, Clark contends that because she did not previously "claim an injury of silicosis," and because her "fear of developing cancer and the need for medical monitoring [were] not actually litigated" in the prior lawsuit, collateral estoppel does not apply.  *Id.* at 11.

Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same."  *Cullen v.*

5

*Moschetta*, 207 A.D.3d 699, 700 (N.Y. App. Div. 2022) (quoting *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500 (1984)).  "The two requirements for its application are: first, the identical issue necessarily must have been decided in the prior action and be decisive in the present action, and second, the party to be precluded must have had a full and fair opportunity to contest the prior determination." *Id.* (quoting *In re Abady*, 22 A.D.3d 71, 81 (N.Y. App. Div. 2005)).

In Clark's prior lawsuit, her amended complaint was liberally construed as "bringing two claims: (1) a personal injury claim of common-law negligence, . . . based on Clark's exposure to the asbestos and crystalline silica in [her NYCHA apartment], and (2) a claim of fraudulent concealment brought against NYCHA, for withholding knowledge of the presence of Ardex and crystalline silica." *Clark II*, 2022 WL 17974899, at *2.  Both causes of action required Clark to adduce competent expert evidence showing that "any crystalline silica quartz present in [her NYCHA apartment] was in fact hazardous to health or safety." *Clark I*, 2022 WL 4229386, at *7; *see id.* at *4–5; *Clark II*, 2022 WL 17974899, at *4–5.  Despite being given multiple opportunities to retain an expert, *see Clark I*, 2022 WL 4229386, at *5; *Clark II*, 2022 WL 17974899, at *4–5, Clark declined to do so, so Judge Gorenstein ruled against her on the issue, a decision that was adopted by Judge Engelmayer and affirmed by the Second Circuit, *see Clark I*, 2022 WL 4229386, at *5; *Clark II*, 2022 WL 17974899, at *5; *Clark III*, 2023 WL 8071800, at *1–2.

As the R&R explains, to succeed on any of her claims in the present action, Clark must put forward expert evidence demonstrating that she was exposed in her NYCHA apartment to a hazardous level of crystalline silica.  *See* R&R at 36; *Parker v. Mobil Oil Corp.*, 857 N.E.2d 1114, 1120–21 (N.Y. 2006); *Ornstein v. N.Y.C. Health & Hosps. Corp.*, 881 N.E.2d 1187, 1189–90 (N.Y. 2008) (requiring a plaintiff alleging NEID arising from exposure to HIV to come

forward with expert evidence of "actual exposure" to the virus); *Abbatiello v. Monsanto Co.*, 522 F. Supp. 2d 524, 539 (S.D.N.Y. 2007) (explaining that to obtain medical monitoring, a plaintiff must prove "exposure greater than normal background levels . . . to a proven hazardous substance"); *Wolff v. A-One Oil, Inc.*, 216 A.D.2d 291, 291–92 (N.Y. App. Div. 1995) (explaining that in order to maintain a cause of action for "fear of developing cancer," a plaintiff must establish that she "was in fact exposed to the disease-causing agent"). It does not matter that Clark's fear-of-cancer claim and claims relating to her silicosis diagnosis were "not actually litigated" in the prior action. Obj. at 10. Because the claims in both lawsuits require Clark to prove, using expert evidence, that she was exposed to a hazardous level of crystalline silica, her failure to solicit expert evidence in the prior action satisfies the first prong of the collateral estoppel test.[3] *See Cullen*, 207 A.D.3d at 700. Furthermore, because it is undisputed that Clark had a "full and fair opportunity" to litigate the issue of actual exposure in the prior action, her present claims, which turn on the same issue, necessarily fail.[4] *Id.* (citation omitted); *see Clark II*, 2022 WL 17974899, at *4–5.

---

[3] Clark insists that she has provided adequate evidence that she was exposed to hazardous levels of crystalline silica by, for example, attaching to her complaint (1) an invoice demonstrating that NYIES used a certain amount of Ardex K-15 in her NYCHA apartment, (2) the Occupational Safety and Health Administration's datasheet for Ardex K15, which states that exposure to the product may cause silicosis, and (3) a declaration from her treating physician opining that NYCHA's use of Ardex K-15 caused her silicosis. *See* Obj. at 11, 17–18, 32–33; ECF Nos. 1-1 to -2, -4. This type of evidence does not constitute "expert evidence," which is necessary to establish causation under New York law. *See Rivera ex rel. Hewitt v. Crotona Park E. Bristow Elsmere*, 968 N.Y.S.2d 48, 49 (App. Div. 2013); *Ramos v. Port Auth. Trans-Hudson Corp.*, No. 22 Civ. 1719, 2024 WL 580144, at *13 (S.D.N.Y. Feb. 13, 2024); *Romanelli v. Long Island R.R. Co.*, 898 F. Supp. 2d 626, 632 (S.D.N.Y. July 13, 2012).

[4] Because amendment would be futile, the Court denies Clark's motion for leave to amend her complaint. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Clark's objections and ADOPTS the R&R in full. Defendants' motions to dismiss are GRANTED and Clark's motion for partial summary judgment is DENIED as moot.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 37, 42, and 74 and close the case.

SO ORDERED.

Dated: February 28, 2025
      New York, New York

_____
ANALISA TORRES
United States District Judge