UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LA'SHAUN CLARK.<br><br>                    Plaintiff,<br><br>-against-<br><br>NEW YORK CITY HOUSING AUTHORITY, et al.,<br><br>                    Defendant. | 24-CV-1625 (AT) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On January 31, 2025, I issued a report and recommendation that the claims of Plaintiff, who is proceeding without a lawyer, be dismissed and that her cross-motion for summary judgment be denied (ECF 69). Plaintiff timely objected to the report and recommendation (ECF 70). Plaintiff then moved to amend the complaint (ECF 73, 74). Judge Analisa Torres adopted the report and recommendation and terminated the motion to amend the complaint (ECF 75). The Clerk of Court entered judgment (ECF 77). Plaintiff filed a notice of appeal (ECF 78).

Plaintiff subsequently moved under Fed. R. Civ. P. 59(e) to alter or amend the judgment and under 28 U.S.C. § 455(a) to disqualify myself and Judge Torres (ECF 80, 81, 84). I issued a report and recommendation that the motion to alter or amend the judgment and to disqualify be denied (ECF 85). Plaintiff objected to that report and recommendation (ECF 86, 87, 89), which is before Judge Torres.

After objecting to the report and recommendation at ECF 85, Plaintiff moved under Fed. R. Civ. P. 60(b) to vacate Judge Torres's order (ECF 75) adopting my original report and recommendation that Plaintiff's claims be dismissed and her cross-motion for summary judgment be denied (ECF 69). *See* ECF 91. Plaintiff raised some new allegations about the basis for my supposed bias but also argued, as she did in her motion to amend or alter the judgment and to disqualify, that I appeared to

be biased because my law clerk had a personal affiliation with the attorney for Defendant JLC. *See id.* at 16; *see also* ECF 96, Pl.'s Reply in Support of Mot. To Vacate at 1 ("There is nothing debunking the fact that Judge Tarnofsky's law clerk . . . during the 6/11/2024 court ordered conference call insisted that he had defendant JLC's attorney . . . personal mobile phone number . . . and personally called and connected [him] to the conference call that he was late for.").

On May 15, 2025, Plaintiff filed a notice of subpoena and subpoena (ECF 94, 95) seeking audio files of two conferences held in this case, one on June 11, 2024 and the other on August 26, 2024. I have been informed by employees in the Clerk of Court's office that Plaintiff has contacted them on multiple occasions to follow up on the subpoena. **Plaintiff is reminded that the employees in the Clerk of Court's office have many responsibilities and are not able to address all litigant requests immediately.**

As a party in this matter, Plaintiff does not require a subpoena to get copies of transcripts or recordings. If Plaintiff wishes to request a transcript of a conference held by the Court, she may submit a transcript request to etranscripts@nysd.uscourts.gov. The form can be found on the public Court website at https://nysd.uscourts.gov/forms/electronic-court-recording-transcript-request-form-ecr-2. As explained on that form, there is a per-page fee for the transcript. If Plaintiff wishes to request the audio files, she should write a letter to the Clerk of Court requesting the recording(s), enclosing a certified check or money order in the amount of $34 per audio file, made out to the Clerk of Court. I note, however, that it is my practice to have my courtroom deputy clerk or law clerk begin recording conferences only after all parties and I am on the line. The recordings requested in Plaintiff's subpoena therefore do not cover the time before all parties were on the line and before I joined the conference.

More significantly, as I explained in my second report and recommendation:

My law clerk is not acquainted with JLC's counsel; nor is my law clerk related to the lawyer at the firm where JLC's counsel previously worked who shares my law clerk's surname. Even if my law clerk were acquainted with JLC's counsel – and he is not – that would not be a basis for my recusal. "Both bench and bar recognize . . . that judges, not law clerks, make the decisions." *In re Allied-Signal Inc.*, 891 F.2d 967, 971 (1st Cir. 1989). Indeed, even if I were acquainted with JLC's counsel, and I am not, there would be no basis for recusal unless Plaintiff had a factual basis for arguing that I was biased. It is well settled that a judge's "acquaintance with a party, an attorney or a witness, without some factual allegation of bias or prejudice, is not sufficient to warrant recusal." *Bailey v. Broder*, No. 94-CV-2394 (CSH), 1997 WL 73717, at *3 (S.D.N.Y. Feb. 20, 1997); *see also Minpeco S.A. v. Conticommodity Servs., Inc.*, No. 82-CV-7619 (MEL), 1984 WL 658, at *2 n.5 (S.D.N.Y. July 25, 1984) (pointing out that there is a long line of decisions rejecting recusal where the judge is a friend or acquaintance of one party's attorney).

ECF 85. Even if there were recordings and/or transcripts of the period before I started the conferences – and I do not believe there are – they would not be relevant to whether I should have recused myself in this matter.

DATED: May 20, 2025
New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge