UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
LA'SHAUN CLARK,

                Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY;
NEW YORK INSULATION &
ENVIRONMENTAL SERVICES, INC.;
JLC ENVIRONMENTAL CONSULTANTS, INC.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/30/2025_
```

24 Civ. 1625 (AT) (RFT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, La'Shaun Clark, brought this action against Defendants, the New York City Housing Authority ("NYCHA"), New York Insulation & Environmental Services, Inc. ("NYIES"), and JLC Environmental Consultants, Inc. ("JLC"), alleging negligent and intentional infliction of emotional distress and seeking compensation for medical monitoring costs arising in connection with her alleged exposure to the toxic substance crystalline silica in her former apartment. Compl. ¶¶ 1, 3, ECF No. 1 at 8–9. By order dated February 28, 2025, the Court adopted the report and recommendation of the Honorable Robyn F. Tarnofsky (the "First R&R") and dismissed Clark's claims with prejudice. ECF No. 75; *see* ECF No. 69. Clark immediately appealed from the order and judgment. ECF No. 78.

    Several weeks later, Clark moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), and for the undersigned and Judge Tarnofsky to recuse themselves from this matter.[1] ECF Nos. 80–81. After NYCHA and NYIES filed opposition papers and Clark replied, ECF Nos. 82–84, Judge Tarnofsky issued a report (the "Second R&R") recommending that Clark's motions be denied, ECF No. 85. Clark objected, ECF Nos. 86–87; *see also* ECF Nos. 88–89, and moved to vacate the First and Second R&Rs and the Court's February 28 order and judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and (b)(6). ECF Nos. 90–91; *see also* ECF Nos. 92, 96.

## LEGAL STANDARD

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* the portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). But when a party does not object, or "makes only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of*

---

[1] The Court has jurisdiction to dispose of these post-appeal motions. *See SEC v. Gottlieb*, No. 98 Civ. 2636, 2021 WL 5450360, at *1 (S.D.N.Y. Nov. 22, 2021).

*Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A finding is clearly erroneous if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

## ANALYSIS

I.   Rule 59(e) Motion

A Rule 59(e) motion to alter or amend a judgment "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked." *Id.* (cleaned up) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.2d 255, 257 (2d Cir. 1995)).

The Court agrees with Judge Tarnofsky that reconsideration is not appropriate here. *See* Second R&R at 1. In her Rule 59(e) motion and objections to the Second R&R, Clark fails to identify any caselaw or data that the Court overlooked in its February 28 order. *See* ECF No. 81; *Analytical Survs.*, 684 F.3d at 52. Rather, Clark appears to argue that the undersigned did not conduct a *de novo* review of the issues raised in her objections to the First R&R. *See* ECF No. 86 at 1–4. Clark is incorrect. In ruling on her objections, the undersigned conducted an independent analysis and determined that Clark's claims are barred by collateral estoppel. *See* ECF No. 75 at 5–7. If the undersigned did not address each of Clark's objections, *see id.* at 5, it is because the issue of collateral estoppel was determinative of the entire action, *see United States v. Bramer*, 956 F.3d 91, 96 (2d Cir. 2020) (declining to address alternative arguments when an issue is determinative). Accordingly, Clark's objections to the Second R&R are overruled and her Rule 59(e) motion is denied.

II.   Motion to Recuse

28 U.S.C. § 455 provides that a federal judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned" and, as relevant, where she has a "personal bias or prejudice concerning a party" or "any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(a), (b)(1), (b)(4). "There is a strong presumption that a judge is impartial, and the movant bears the substantial burden of overcoming that presumption." *Joachin v. Morningside Rehab. Nursing Home*, No. 23 Civ. 7652, 2024 WL 2924176, at *1 (S.D.N.Y. May 15, 2024) (citation omitted). The relevant standard is objective reasonableness: "whether 'an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998)).

In her objections to the Second R&R, Clark argues that (1) Judge Tarnofsky should recuse herself because her law clerk is somehow affiliated with one of the attorneys who represents

Defendant JLC, and (2) the undersigned should recuse herself because of familial connections to Defendant NYCHA. *See* ECF No. 86 at 5–15. As Judge Tarnofsky explains in the Second R&R, Clark is incorrect that Judge Tarnofsky's law clerk has any connection to the attorney representing JLC, and any past connections between the undersigned's family and NYCHA do not come close to meeting the threshold for recusal. *See* Second R&R at 6–11; *see also* ECF No. 97. Clark also argues, for the first time, that the undersigned should recuse herself because a decade-old financial disclosure form indicates that the undersigned once held a financial interest in AIG, an insurance company that assigned counsel for Defendant NYIES. *See* ECF No. 87 at 2–3. Like Clark's other proposed grounds for recusal, this alleged connection between the undersigned and NYIES is too tenuous to merit recusal.[2]

    III.    <u>Rule 60 Motion</u>

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment or order on the grounds of "fraud[,] . . . misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (b)(6). In her Rule 60 motion, Clark argues that the Court should vacate the First and Second R&Rs and the Court's February 28 order because of the same alleged conflicts of interest discussed above, in addition to several new asserted conflicts of interest that include Judge Tarnofsky's former employment at the law firm Paul Weiss, which sometimes represents NYCHA, and Judge Tarnofsky and her husband's prior representation of AIG. *See* ECF No. 91 at 2–15. Again, these connections are too tenuous to warrant recusal under 28 U.S.C. § 455. *See Universal City Studios, Inc. v. Reimerdes*, 104 F. Supp. 2d 334, 353–54 (S.D.N.Y. 2000). Clark's motion is, therefore, denied.[3]

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Second R&R in its entirety and DENIES Clark's motions at ECF Nos. 81 and 91. Clark is advised that the continued filing of duplicative motions and responses may lead the Court to impose a permanent filing injunction against her. *See Lau v. Meddaugh*, 229 F.3d 121, 122 (2d Cir. 2000).

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 81 and 91.

SO ORDERED.

Dated: May 30, 2025
        New York, New York

                                       ANALISA TORRES
                                       United States District Judge

---

[2] Clark's motion is also untimely: She made it after the Court rendered judgment, and the motion does not involve any facts that were not previously in the public record. *See Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 151–52 (S.D.N.Y. 2012).

[3] Citing the redesignation of this case from the Honorable Jennifer E. Willis to Judge Tarnofsky, Clark also accuses Defendants of "magistrate judge shopping." ECF No. 91 at 12–17. Defendants have nothing to do with the assignment of magistrate judges, who are designated to cases through a randomized process.